UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STANLEY B. DANIELS,

    Plaintiff,

v.                                            Case No.:  2:25-cv-26-SPC-NPM

HENDRY COUNTY JAIL *et al.*,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff Stanley B. Daniels's Complaint (Doc. 1). Daniels is a prisoner of the Florida Department of Corrections and was previously detained in the Hendry County Jail. He sues the jail, an unnamed major, and an unnamed head doctor under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Daniels leave to proceed *in forma pauperis*, so the Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

    Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Daniels' allegations are threadbare. He claims he was sitting at a table writing a letter when the table collapsed, hurting his back, neck, toe, and shoulder. Daniels blames the sheriff and a major for allowing the broken table to be in the jail, and he claims the head doctor and head nurse did not provide medical treatment. He asks for $10,000 and release from Hendry County,

though he has already been transferred to the custody of the Department of Corrections.

Daniels' claim that he was injured by a broken table relates to the conditions of his confinement. Although "the Constitution does not mandate comfortable prisons," prison officials must "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up). Daniels fails to satisfy this element. The bare allegation that a table in the jail was broken does not establish an extreme condition that created a risk of serious damage to Daniels' health.

Under the subjective component of a conditions-of-confinement claim, the prisoner must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654

F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). Daniels does not allege any facts from which the Court could infer that the defendants knowingly and recklessly subjected him to a risk of serious harm.

Daniels' also fails to state a claim against the doctor. In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). Pretrial detainees, like prisoners, have a right to medical treatment, and deliberate indifference to a detainee's serious medical needs is a constitutional violation. *Christmas v. Nabors*, 76 F.4th 1320, 1335 (11th Cir. 2023). Their right to medical treatment arises under the Fourteenth Amendment rather than the Eighth Amendment, but the legal standard is the same. *Id.* at 1331. To state a claim for deliberate indifference, a detainee must allege (1) he had a medical need, (2) the defendants exhibited deliberate indifference to that need, and (3) the defendants' deliberate indifference caused the detainee's injury. *Id.* at 1335.

Daniels does not allege enough factual detail to establish any element of an *Estelle* claim. He does not describe the extent of his injuries caused by the table incident, what the doctor knew about his injuries, or the doctor's response to the injuries. The Court cannot infer that Daniels had a serious medical need or that the doctor was deliberately indifferent to such a need. Nor does Daniels allege that the doctor's conduct caused him harm.

The Court will dismiss Daniels' Complaint for failure to state a claim and give him a chance to amend. The amended complaint should identify the defendants by name and state specific facts showing how each violated Daniels' constitutional rights.

Accordingly, it is

**ORDERED:**

Plaintiff Stanley Daniels' Complaint (Doc. 1) is **DISMISSED without prejudice**. Daniels may file an amended complaint by **April 10, 2025**. **Otherwise, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on March 20, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

5